1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

JUSTIN COYLE,

Case No.:  16-0379 BTM (KSC)

12

Petitioner,

13

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

v.

14

SAN DIEGO SUPERIOR COURT,

15

Respondent.

16
17          Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of

18  Habeas Corpus pursuant to 28 U.S.C. § 2254.[1]

19          **FAILURE TO SATISFY FILING FEE REQUIREMENT**

20          Petitioner has failed to either pay the $5.00 filing fee or submit adequate proof of

21  his inability to pay the fee.  This Court cannot proceed until Petitioner has either paid the

22  $5.00 filing fee or qualified to proceed in forma pauperis.   *See* Rule 3(a), 28 U.S.C. foll.

23  § 2254.

24  / / /

25  / / /

26

27  _____

28  [1] Petitioner submitted his Petition on a form intended for a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255.  Since Petitioner does not challenge a criminal sentence in federal court, however, the Court has construed his Petition as one filed pursuant to 28 U.S.C. § 2254.

1

## **ABSTENTION**

The Petition must be dismissed because it is clear that, to the degree Petitioner is challenging the proceedings in his state criminal prosecution, this Court is barred from consideration of his claims by the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971).  Under *Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances.  *Id.* at 45-46; *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.")  These concerns are particularly important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot.  *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983).

Absent extraordinary circumstances, abstention under *Younger* is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue.  *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001).  All three of these criteria are satisfied here.  At the time Petitioner filed the instant Petition, it appears he is in custody awaiting trial in state court.  (*See* Pet. at 83-88.)  Thus Petitioner's criminal case is still ongoing in the state courts.  Further, there is no question that the state criminal proceedings involve important state interests.  Finally, Petitioner has failed to show that he has not been afforded an adequate opportunity to raise the federal issues on direct appeal, as he has not yet proceed to trial.  Abstention is therefore required.  *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) (*Younger* applies to state appellate proceedings as well as ongoing proceedings in state trial court); see also *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from that the case concluded in the state courts.")

/ / /

Because Petitioner has failed to demonstrate that extraordinary circumstances exist which would relieve this Court of its obligation to abstain from interfering with ongoing state criminal proceedings, his Petition is **DISMISSED** without prejudice. *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action.)

The Court notes that Petitioner has attached numerous pages alleging various violations of the grievance procedure at the George Baily Detention Facility and complaints about the conditions of his confinement at that facility. It is not clear whether Petitioner intended to raise these claims in the current Petition or whether those documents are attached as supporting evidence for the claims he makes in the habeas corpus petition. In any event, challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-500 (1973). When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Id.* at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. *Id.* at 499; *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). To the degree Petitioner seeks to challenges the conditions of his confinement, but not the fact or length of his custody, Petitioner has not stated a cognizable habeas claim pursuant to § 2254. The Court notes Petitioner has a pending 42 U.S.C. § 1983 case in this Court, case number 15cv2867 H (DHB).

/ / /

/ / /

/ / /

/ / /

## **CONCLUSION**

For the foregoing reasons, the Court **DISMISSES** the Petition without prejudice because this Court must abstain from interfering with the ongoing state criminal proceedings pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).

**IT IS SO ORDERED.**

Dated:  February 24, 2016

Hon. Barry Ted. Moskowitz
United States District Judge

16-0379 BTM (KSC)